## KIRBY v. UNITED STATES.
### No. 13432.

Circuit Court of Appeals, Eighth Circuit.
March 28, 1947.

Nelson Abraham, of Kansas City, Mo., for appellant.

Sam M. Wear, U. S. Atty., and David A. Thompson, Asst. U. S. Atty., both of Kansas City, Mo., for appellee.

Before SANBORN, WOODROUGH, and JOHNSEN, Circuit Judges.

SANBORN, Circuit Judge.

The appellant was indicted for transporting a woman by automobile from Kansas City, Missouri, to Clay Center, Kansas, in January, 1946, with intent to induce her to have illicit sexual relations with him. See Sections 398 and 400 of Title 18, U.S. C.A. He entered a plea of not guilty, was tried, convicted, and sentenced to imprisonment for four years. By this appeal he challenges the sufficiency of the evidence to sustain his conviction, the admissibility of certain evidence, and the propriety of remarks made by the prosecuting attorney in his closing argument to the jury.

The facts out of which this case arose are largely undisputed. The appellant was a young man without money or employment, who had been married but believed himself to be divorced. On January 13, 1946, in Kansas City, Missouri, he became acquainted with a fifteen year old girl, who was living with her parents. By a promise of marriage, he induced her to go with him that night, by automobile, to Clay Center, Kansas. He there registered her as his wife at a hotel and had illicit relations with her. After staying with her two nights at Clay Center, he sold his automobile to obtain funds, and took her to Denver, Colorado. On January 18, 1946, he told her he would not marry her and that she could stay with him or go home. She went home.

The appellant's defense was that when he left Kansas City with the girl he intended to marry her and did not change his mind until he reached Denver. The government's evidence unquestionably tended to prove that he never intended to marry the girl; that the promise of marriage was made only after she had rejected improper proposals made by him; that he had no money; that he stole gasoline in order to make the trip to Clay Center; that he made no move to marry the girl after selling his automobile; and that immediately after their separation in Denver, he took another woman to his room for immoral purposes. His conduct, acts and admissions, as disclosed by the evidence, were inconsistent with his assertion that he transported the girl with intent to marry her. The jury was justified in believing that his intentions, when he left Kansas City, were to treat the girl exactly as he did treat her.

The appellant complains of the admission of evidence that he stole gasoline for the trip, and that after ridding himself of the girl in Denver he took another woman to his room. This evidence bore upon the question of his intent. A man honestly contemplating marriage does not ordinarily elope when penniless, steal gaso-

line for his wedding trip, have relations with his prospective wife before marriage, nor substitute an immoral woman for her upon breaking the engagement. Compare Ellis v. United States, 8 Cir., 138 F.2d 612, 614.

There is no merit in the appellant's contention that the prosecuting attorney was guilty of misconduct in his closing argument to the jury, and the remarks of which the appellant now complains were not objected to at the trial.

It is probably true, as the government asserts, that the appellant failed to take his appeal in time. Under the circumstances of this case, we have resolved any possible doubts as to our jurisdiction in favor of the appellant. Our conclusion is that he had a fair trial and that the sentence imposed is a lawful sentence.

The judgment appealed from is affirmed.